IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICKI BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER TALMAGE; SERGEANT FREDDIE DAVIS; BIANCA BRYANT; and OFFICER BYRD,<br><br>  Defendants. | CIVIL ACTION NO.: 6:20-cv-48 |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States Marshals Service's Unexecuted Returns as to Defendant Officer Byrd. Docs. 29, 44, 52. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Byrd and **DIRECT** the Clerk of Court to enter the appropriate judgment. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his claims against Defendant Byrd are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On November 6, 2020, this Court ordered service of Plaintiff's Complaint upon Defendant Byrd and advised Defendant of his duty to avoid unnecessary costs when service is executed. Doc. 21. The Court noted a defendant "who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver." Id. at 6 (citing Fed. R. Civ. P. 4(d)(2)). The United States Marshals Service initially sent the service waiver to Defendant, and the certified mail card was returned. Doc. 21-1 at 4; Doc. 29 at 2.

On April 15, 2021, the Court ordered the United States Marshals Service to personally serve Defendants with a copy of the November 6, 2020 and April 15, 2021 Orders within 30 days of the April 15, 2021 Order, if practicable. Doc. 42 at 2. On April 20, 2021, the Marshals Service filed a Return, stating it was unable to personally serve Defendant Byrd. Doc. 44. The Marshals Service signed the Return, dated June 19, 2021, with the notations: "According to GSP Staff CO2 Byrd is on indefinite medical leave." Id. Plaintiff was then directed to provide additional information as to the whereabouts of Defendant to assist the Marshals Service. Doc. 45 at 1. Plaintiff responded indicating he did not have additional information. Docs. 46, 47.

The Court then ordered the Marshals Service to investigate Defendant Byrd's personal residence and attempt personal service there. Doc. 48. The Marshals Service was again unable to personally serve Defendant Byrd. The Marshals Service signed the Return, dated June 22, 2021, explaining it had obtained the last known address of Defendant Byrd, but the current occupant had lived there for about a year and had no knowledge of Defendant Byrd's whereabouts. Doc. 52. The Return was filed on June 23, 2021. The Court now addresses the

lack of timely service on Defendant Byrd sua sponte.

## DISCUSSION

**I.      Plaintiff's Claims Against Byrd Should Be Dismissed Under Rule 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.  Courts assist inmate-plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service.  See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part.").  However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* in 42 U.S.C. § 1983 action to provide current address for defendant so process could be served, despite being warned failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se *in forma pauperis* prisoner was not entitled to a continuance so service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, Plaintiff ultimately has the responsibility for serving Defendant Byrd. Plaintiff admits he does not know where Defendant Byrd may be, other than the information he has already provided. However, it appears Defendant Byrd cannot be located at any other address known by Plaintiff or the United States Marshals Service. Because these efforts continue to be unsuccessful, Plaintiff's claims against Defendant are due for dismissal. See Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); see also Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office."). Thus, the Court should **DISMISS** Plaintiff's claims against Defendant Byrd under Rule 4(m).

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons discussed above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Byrd and **DIRECT** the Clerk of Court to enter the appropriate judgment. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of July, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA